IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JEREMY W. SCHULMAN,**<br><br>                  **Plaintiff,**<br><br>vs.<br><br>**AXIS SURPLUS INSURANCE COMPANY, ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, and PROSIGHT SYNDICATE 1110 AT LLOYD'S,**<br><br>                  **Defendants.** | Civil Action No.: 8:21-cv-1252 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants AXIS Surplus Insurance Company ("AXIS"), Endurance American Specialty Insurance Company ("Endurance"), and ProSight Syndicate 1110 at Lloyd's ("ProSight," and collectively "Defendants"), by and through their respective counsel, hereby respectfully remove the above-captioned case, Case No. 485341-V, from the Circuit Court of Montgomery County to the United States District Court for the District of Maryland.  In support of removal, the Defendants state as follows:

        1.        At bottom, this action seeks a judgment that the Defendants owe a duty to defend and a duty to indemnify Plaintiff for an underlying action defined in the Complaint as the "Subpoena," the "Indictment," and collectively the "DOJ Claim," captioned *United States of America v. Schulman*, No. PX 20-CR-434 (D. Md.), as well as certain monetary and other relief as set forth in relevant part below.

        2.        According to the Complaint, the Defendants each issued a Lawyers Professional Liability insurance policy (the "Policies") to Plaintiff's former law firm, Shulman, Rogers,

Gandal, Pordy, & Ecker, P.A. (the "Firm"), with a total aggregate limit of liability of $20 million. Plaintiff sought coverage under the Policies with respect to the Subpoena and later the Indictment. The Complaint alleges that the Primary Carriers – AXIS and Endurance – initially agreed to advance certain defense expenses that Plaintiff incurred in responding to the Subpoena, but then denied coverage for the Indictment.

3.   In addition to seeking declaratory relief against all Defendants (Count IV), the Complaint asserts counts for Breach of Contract, Detrimental Reliance, and Lack of Good Faith against the Primary Carriers (Counts I-II and V) and "Anticipatory Breach of Contract" against all Defendants (Count III). As relief, the Complaint seeks a declaration of coverage and compensatory damages "in an amount greater than $75,000" against all Defendants, punitive damages against the Primary Carriers, pre-judgment and post-judgment interest, and other relief.

4.   The Defendants and the Plaintiff dispute whether coverage is available under the Policies issued by the Defendants for the DOJ Claim.

5.   Plaintiff filed this insurance coverage action on April 6, 2021.

6.   The Defendants were served through the Maryland Insurance Commissioner on April 22, 2021, and they first received a copy of the Complaint, through service or otherwise, on that date or some time thereafter.

7.   This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), as it is being filed within 30 days after the receipt by any of the Defendants, through service or otherwise, of a copy of the Complaint.

8.   Complete diversity of citizenship exists between the Plaintiff and all Defendants pursuant to 28 U.S.C. 1332(c)(1). The complaint alleges that Plaintiff is an individual domiciled in Maryland. The Complaint alleges that AXIS is incorporated in Illinois with its principal place

of business in Georgia, that Endurance is incorporated in Delaware with its principal place of business in New York, and that ProSight is organized and registered under the laws of the United Kingdom with its principal place of business also in the United Kingdom.  Those allegations are accurate with one caveat: ProSight is an insurance syndicate comprised of two corporate members: R&Q Capital No. 6 Limited f/k/a ProSight Specialty (ECUCM) Limited and R&Q Capital No. 7 Limited f/k/a ProSight Specialty (TSMC) Limited, both foreign corporations organized, incorporated, and with their principal places of business in the United Kingdom.

9. Accordingly, the Plaintiff is a citizen only of Maryland, and all Defendants are citizens of states or a foreign state other than Maryland, and complete diversity of citizenship exists between the Plaintiff and all Defendants such that jurisdiction in this Court is proper under 28 U.S.C. 1332(a)(1)

10. The amount in controversy plainly exceeds $75,000 – the Complaint alleges that Plaintiff already has incurred "more than $180,000" in unpaid defense expenses through the end of 2020, "and many hundreds of thousands of dollars more" in 2021; the Complaint alleges that defense fees and expenses associate with the DOJ Claim are expected to exceed $18 million; Plaintiff seeks a judgment up to the full combined limits of liability of the Policies, which is $20 million (although the Complaint makes clear that the total amount incurred to date is in the "hundreds of thousands of dollars"); each cause of action at law seeks compensatory damages "in an amount greater than $75,000," plus pre-judgment and post-judgment interest; and the Complaint also seeks punitive damages and other relief against the Primary Carriers.  The amount in controversy thus clearly exceeds the jurisdictional limits of this court as provided in 28 U.S.C. § 1332(a).

11. Accordingly, because the face of the Complaint makes clear that complete diversity of citizenship exists between the Plaintiff and all Defendants and that the amount in controversy far exceeds the jurisdictional limits of this Court, this matter satisfies all requirements for removal to federal court.

12. A copy of this Notice of Removal also has been forwarded to the Plaintiff and for filing with the Clerk of the Circuit Court of Montgomery County, Maryland, to effect removal of this action to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1446(d).

13. Pursuant to 28 U.S.C. § 1446 and Local Rule 103.5, Defendants are filing with this Notice of Removal a copy of all pleadings provided to them by Plaintiff's counsel in connection with this insurance coverage action.

WHEREFORE, the Defendants hereby remove the above action now pending in the Circuit Court for Montgomery County, Maryland to this Court and request that this Court accept jurisdiction over the parties and over this action and place this action on the docket of this United States District Court for all further proceedings as though this action had originally been instituted in this court.

Dated: May 21, 2021

Respectfully submitted,

*/s/ Charles C. Lemley*
Charles C. Lemley, Bar No. 15205
WILEY REIN LLP
1776 K Street, NW
Washington, DC  20006
clemley@wiley.law
Telephone: (202) 719-7000
Facsimile: (202) 719-7049

*Attorneys for Defendants AXIS Surplus Insurance Company and Endurance American Specialty Insurance Company.*

*/s/ John J. Murphy*
John J. Murphy, Esq. Bar No. 14407
WALKER, MURPHY & NELSON, LLP
9210 Corporate Boulevard, Suite 320
Rockville, MD 20850
Phone: 301.519.9150
Fax: 301.519.9152
jmurphy@walkermurphy.com

*/s/ Marc R. Kamin*
Marc R. Kamin
(motion for admission *pro hac vice* forthcoming)
mkamin@stewartsmithlaw.com
STEWART SMITH
300 Four Falls Corporate Center
Suite 670
300 Conshohocken State Rd.
West Conshohocken, PA 19428
Telephone: (484) 589-5506
Facsimile: (484) 534-9470

*Attorneys for Defendant, ProSight Syndicate 1110 at Lloyd's.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2021, a true and correct copy of the foregoing Notice of Removal, which was electronically filed in this case on May 21, 2021, was mailed via first class mail, postage prepaid, to the following parties:

Jeffrey M. Schwaber
STEIN SPERLING BENNETT DE JONG DRISCOLL PC
1101 Wooten Parkway
Suite 700
Rockville, MD 20852
301-340-2020
jschwaber@steinsperling.com

Robin L. Cohen
Jillian M. Raines
COHEN ZIFFER FRENCHMAN & MCKENNA LLP
1350 Avenue of the Americas
25th Floor
New York, NY 10019
rcohen@cohenziffer.com
jraines@cohenziffer.com

*/s/ Charles C. Lemley*
Charles C. Lemley, Bar No. 15205
WILEY REIN LLP
1776 K Street, NW
Washington, DC  20006
clemley@wiley.law
Telephone: (202) 719-7000
Facsimile: (202) 719-7049

*Attorneys for Defendants AXIS Surplus Insurance Company and Endurance American Specialty Insurance Company.*