IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JEREMY W. SCHULMAN,**<br><br>      **Plaintiff,**<br>vs.<br><br>**AXIS SURPLUS INSURANCE COMPANY, ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY, and PROSIGHT SYNDICATE 1110 AT LLOYD'S,**<br><br>      **Defendants.** | Civil Action No.: 8:21-cv-1252-PWG<br><br>Judge Paul W. Grimm |

## DEFENDANTS' ANSWER

Defendants AXIS Surplus Insurance Company ("AXIS") and Endurance American Specialty Insurance Company ("Endurance," and collectively the "Primary Insurers"), by their attorneys, hereby answers the Complaint and Demand for Jury Trial ("Complaint") filed by Jeremy w. Schulman ("Schulman") as follows:

## NATURE OF THE ACTION

1. Paragraph 1 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed required, the Primary Insurers deny those allegations.

2. The Primary Insurers admit that they issued certain insurance policies to Shulman, Rogers, Gandal, Pordy & Ecker, P.A., but they deny that those policies are fully or accurately described in this allegation and refer to those documents for their contents. To the extent not expressly admitted, the Primary Insurers deny the allegations of this paragraph.

3. Denied.

    4.       Denied.

    5.       The Primary Insurers admit that they denied coverage for the indictment against Mr. Schulman captioned *United States of America v. Schulman*, No. PX-20-CR-434 (the "Indictment") in a letter dated March 12, 2021.  That letter speaks for itself, and the Primary Insurers deny that its contents are fully or accurately described in this paragraph.  The Primary Insurers deny all remaining allegations in Paragraph 5.

    6.       The Primary Insurers admit that they denied coverage for the Indictment in a letter dated March 12, 2021.  That letter speaks for itself, and the Primary Insurers deny that its contents are fully or accurately described in this paragraph. The Primary Insurers deny all remaining allegations in Paragraph 6.

    7.       Denied.

    8.       Paragraph 8 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Primary Insurers deny those allegations.

## **PARTIES & RELEVANT NON-PARTIES**

    9.       The allegation that Plaintiff is an "Insured Individual" under the Policies is a legal conclusion to which no response is required.  The remaining allegations of Paragraph 9 are not directed at the Primary Insurers and therefore no response is required.  To the extent a response is deemed required, the Primary Insurers deny the allegations of this paragraph.

    10.      The allegations in Paragraph 10 of the Complaint are not directed at the Primary Insurers and therefore no response is required.  To the extent a response is deemed required, the Primary Insurers admit the allegations of this paragraph upon information and belief.

    11.      Admitted.

12.     Admitted.

13.     The allegations in Paragraph 13 of the Complaint are not directed at the Primary Insurers and therefore no response is required.  To the extent a response is deemed required, the Primary Insurers admit the allegations of this paragraph upon information and belief.

14.     Admitted.

**JURISDICTION & VENUE**

15.     Denied as stated.  This proceeding was properly removed to this Court, which has jurisdiction pursuant to 28 U.S.C. 1332.

16.     Denied as stated.  This proceeding was properly removed to this Court, which has personal jurisdiction over all parties.

17.     Denied as stated.  This proceeding was properly removed to this Court, where venue is proper pursuant to 28 U.S.C. 1331.

18.     The allegations in Paragraph 18 of the Complaint are not directed at the Primary Insurers and therefore no response is required.  To the extent a response is deemed required, the Primary Insurers deny the allegations of this paragraph.

**FACTUAL BACKGROUND**

19.     The Primary Insurers admit that they issued Lawyers Professional Liability insurance policies (the "Policies") to the law firm Shulman, Rogers, Gandal, Pordy & Ecker, P.A. (the "Firm") for the Policy Period of August 22, 2016 to August 22, 2017.  Those insurance policies speak for themselves, and the Primary Insurers deny that they are fully or accurately described in this paragraph.  To the extent not admitted, the Primary Insurers deny the allegations of Paragraph 19.

20.     Admitted.

21. The Primary Insurers admit that AXIS and Endurance co-insured the primary layer of coverage on a fifty percent quota share basis pursuant to AXIS Pro LP Lawyers Professional Liability Insurance Policy No. EBN 782641/01/2016 (the "Primary Policy"), which provides a $10 million aggregate and per-claim limit of liability. To the extent not admitted, the Primary Insurers deny the allegations of Paragraph 21.

22. The Primary Insurers admit that AXIS and Endurance co-insured the primary layer of coverage on a fifty percent quota share basis pursuant to AXIS Pro LP Lawyers Professional Liability Insurance Policy No. EBN 782641/01/2016, which provides a $10 million aggregate and per-claim limit of liability. To the extent not admitted, the Primary Insurers deny the allegations of Paragraph 22.

23. The Primary Insurers admit that AXIS and Endurance co-insured the primary layer of coverage, which provides a $10 million aggregate and per-claim limit of liability, on a fifty percent quota share basis. To the extent not admitted, the Primary Insurers deny the remaining allegations of Paragraph 23.

24. The allegations in Paragraph 24 of the Complaint are not directed at the Primary Insurers and therefore no response is required. To the extent a response is deemed required, the Primary Insurers deny the allegations of this paragraph.

25. The allegations in Paragraph 25 of the Complaint are not directed at the Primary Insurers and therefore no response is required. To the extent a response is deemed required, the Primary Insurers deny the allegations of this paragraph.

26. Admitted.

27. The Primary Insurers admit that the allegations contained in Paragraph 27 of the Complaint recite partially quoted sections of the Primary Policy, but they deny that the contents

of the Primary Policy are fully or accurately quoted in this paragraph and refer to that document for a true and correct statement of its full contents.  To the extent not admitted, the Primary Insurers deny the allegations in Paragraph 27.

28. The Primary Insurers admit that the allegations contained in Paragraph 28 of the Complaint recite partially quoted sections of the Primary Policy, but they deny that the contents of the Primary Policy are fully or accurately quoted in this paragraph and refer to that document for a true and correct statement of its full contents.  To the extent not admitted, the Primary Insurers deny the allegations in Paragraph 28.

29. The Primary Insurers admit that the allegations contained in Paragraph 29 of the Complaint recite partially quoted sections of the Primary Policy, but they deny that the contents of the Primary Policy are fully or accurately quoted in this paragraph and refer to that document for a true and correct statement of its full contents.  To the extent not admitted, the Primary Insurers deny the allegations in Paragraph 29

30. The Primary Insurers admit that the allegations contained in Paragraph 30 of the Complaint recite partially quoted sections of the Primary Policy, but they deny that the contents of the Primary Policy are fully or accurately quoted in this paragraph and refer to that document for a true and correct statement of its full contents.  To the extent not admitted, the Primary Insurers deny the allegations in Paragraph 30.

31. The Primary Insurers admit that the allegations contained in Paragraph 31 of the Complaint recite partially quoted sections of the Primary Policy, but they deny that the contents of the Primary Policy are fully or accurately quoted in this paragraph and refer to that document for a true and correct statement of its full contents.  To the extent not admitted, the Primary Insurers deny the allegations in Paragraph 31.

32. The Primary Insurers admit that the allegations contained in Paragraph 32 of the Complaint recite partially quoted sections of the Primary Policy, but they deny that the contents of the Primary Policy are fully or accurately quoted in this paragraph and refer to that document for a true and correct statement of its full contents. To the extent not admitted, the Primary Insurers deny the allegations in Paragraph 32.

33. The Primary Insurers admit that the allegations contained in Paragraph 33 of the Complaint recite partially quoted sections of the Primary Policy, but they deny that the contents of the Primary Policy are fully or accurately quoted in this paragraph and refer to that document for a true and correct statement of its full contents. To the extent not admitted, the Primary Insurers deny the allegations in Paragraph 33.

34. The Primary Insurers admit that the allegations contained in Paragraph 34 of the Complaint recite partially quoted sections of the Primary Policy, but they deny that the contents of the Primary Policy are fully or accurately quoted in this paragraph and refer to that document for a true and correct statement of its full contents. To the extent not admitted, the Primary Insurers deny the allegations in Paragraph 34.

35. The Primary Insurers admit that the allegations contained in Paragraph 35 of the Complaint recite partially quoted sections of the Primary Policy, but they deny that the contents of the Primary Policy are fully or accurately quoted in this paragraph and refer to that document for a true and correct statement of its full contents. To the extent not admitted, the Primary Insurers deny the allegations in Paragraph 35.

36. The Primary Insurers admit that the allegations contained in Paragraph 36 of the Complaint recite partially quoted sections of the Primary Policy, but they deny that the contents of the Primary Policy are fully or accurately quoted in this paragraph and refer to that document

for a true and correct statement of its full contents. To the extent not admitted, the Primary Insurers deny the allegations in Paragraph 36.

37. The Primary Insurers admit that the allegations contained in Paragraph 37 of the Complaint recite partially quoted sections of the Primary Policy, but they deny that the contents of the Primary Policy are fully or accurately quoted in this paragraph and refer to that document for a true and correct statement of its full contents. To the extent not admitted, the Primary Insurers deny the allegations in Paragraph 37.

38. The Primary Insurers admit that the allegations contained in Paragraph 38 of the Complaint recite partially quoted sections of the Primary Policy, but they deny that the contents of the Primary Policy are fully or accurately quoted in this paragraph and refer to that document for a true and correct statement of its full contents. To the extent not admitted, the Primary Insurers deny the allegations in Paragraph 38.

39. The Primary Insurers admit that the allegations contained in Paragraph 39 of the Complaint recite partially quoted sections of the Primary Policy, but they deny that the contents of the Primary Policy are fully or accurately quoted in this paragraph and refer to that document for a true and correct statement of its full contents. To the extent not admitted, the Primary Insurers deny the allegations in Paragraph 39.

40. Admitted.

41. The Primary Insurers are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and on that basis deny the allegations.

42. The Primary Insurers admit that the U.S. Department of Justice issued a grand jury subpoena (the "Subpoena") dated January 27, 2017 to the Firm and refer to such Subpoena

for a true and correct statement of its full contents.  To the extent not admitted, the Primary Insurers deny the allegations in Paragraph 42.

43. The Primary Insurers admit that the allegations contained in Paragraph 43 of the Complaint reference a grand jury Subpoena but refer to such Subpoena for a true and correct statement of its full contents.

44. The Primary Insurers admit that the allegations contained in Paragraph 44 of the Complaint reference a grand jury Subpoena but refer to such Subpoena for a true and correct statement of its full contents.

45. The Primary Insurers admit that the allegations contained in Paragraph 45 of the Complaint reference a grand jury Subpoena but refer to such Subpoena for a true and correct statement of its full contents.

46. The Primary Insurers admit that the U.S. Department of Justice issued an Indictment against Mr. Schulman.  The Primary Insurers deny any remaining allegations in Paragraph 46.

47. The Primary Insurers admit that the allegations contained in Paragraph 47 of the Complaint quote the Indictment but refer to such Indictment for a true and correct statement of its full contents.

48. The Primary Insurers admit that the allegations contained in Paragraph 48 of the Complaint reference allegations in the Indictment but refer to such Indictment for a true and correct statement of its full contents.

49. The Primary Insurers admit that the allegations contained in Paragraph 49 of the Complaint reference allegations in the Indictment but refer to such Indictment for a true and correct statement of its full contents.

50. The Primary Insurers admit that the allegations contained in Paragraph 50 of the Complaint reference allegations the Indictment but refer to such Indictment for a true and correct statement of its full contents.

51. Admitted.

52. The Primary Insurers admit that the allegations contained in Paragraph 52 of the Complaint reference allegations in the Indictment but refer to such Indictment for a true and correct statement of its full contents.

53. The allegations in Paragraph 53 of the Complaint are not directed at the Primary Insurers and therefore no response is required. To the extent a response is deemed required, the Primary Insurers admit the allegations of this paragraph upon information and belief.

54. The Primary Insurers admit that the Firm tendered the Subpoena on or about January 31, 2017. The remaining allegations of this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, the Primary Insurers deny the allegations in Paragraph 54.

55. The Primary Insurers are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint and on that basis deny the allegations.

56. The allegations in Paragraph 56 of the Complaint are not directed at the Primary Insurers and therefore no response is required. To the extent a response is deemed required, the Primary Insurers admit the allegations of this paragraph upon information and belief.

57. Denied.

58. The Primary Insurers admit that Paragraph 58 of the Complaint includes quotes from a communication from Plaintiff dated on or about May 20, 2017, but they deny that the

communication is fully or accurately conveyed in this paragraph. To the extent not expressly admitted, the Primary Insurers deny the allegations of Paragraph 58.

59. The Primary Insurers admit that they communicated with Plaintiff on or about June 22, 2017, but they deny that their communication is fully or accurately described in this paragraph. To the extent not expressly admitted, the Primary Insurers deny the allegations of Paragraph 59.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. The Primary Insurers are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint and on that basis deny the allegations.

65. The Primary Insurers admit that pursuant to a compromise agreement, they covered a portion of Plaintiff's fees and costs incurred in connection with the Subpoena. To the extent not expressly admitted, the Primary Insurers deny the allegations of Paragraph 65.

66. The Primary Insurers admit that pursuant to a compromise agreement, they covered a portion of Plaintiff's fees and costs incurred in connection with the Subpoena. To the extent not expressly admitted, the Primary Insurers deny the allegations of Paragraph 66.

67. The Primary Insurers are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint and on that basis deny the allegations.

68. Denied.

69. The Primary Insurers admit that a grand jury returned the Indictment against Mr. Schulman dated December 2, 2020, and that the Primary Insurers received notice of the Indictment thereafter. To the extent not admitted, the Primary Insurers deny the allegations in Paragraph 69.

70. The Primary Insurers are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 70 of the Complaint and on that basis deny the allegations.

71. Denied.

72. The Primary Insurers admit that by letter dated March 12, 2021, the Primary Carriers denied coverage for the Indictment, which letter speaks for itself. To the extent not admitted, the Primary Insurers deny the allegations in Paragraph 72.

73. The Primary Insurers admit that by letter dated March 12, 2021, the Primary Carriers denied coverage for the Indictment, which letter speaks for itself. To the extent not admitted, the Primary Insurers deny the allegations in Paragraph 73.

74. Denied.

75. Denied.

## COUNT I
**(Breach of Contract—Duty to Pay Claims Expenses Against the Primary Carriers)**

76. The Primary Insurers incorporate by reference the responses contained in Paragraphs 1-75 as if fully set forth herein.

77. Paragraph 77 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed required, the Primary Insurers deny those allegations.

78. Denied.

79. Admitted as to the Primary Policy. To the extent not expressly admitted, the Primary Insurers deny the allegations of Paragraph 79.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

The Wherefore Clause constitutes a prayer for relief. The Primary Insurers deny that Plaintiff is entitled to any relief whatsoever from the Primary Insurers.

## COUNT II
**(Breach of Contract—Advancement Agreement Against the Primary Carriers)**

91. The Primary Insurers incorporate by reference the responses contained in Paragraphs 1-90 as if fully set forth herein.

92. Denied

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

The Wherefore Clause constitutes a prayer for relief.  The Primary Insurers deny that Plaintiff is entitled to any relief whatsoever from the Primary Insurers.

## COUNT III
### (Anticipatory Breach of Contract Against All Carriers)

101. The Primary Insurers incorporate by reference the responses contained in Paragraphs 1-100 as if fully set forth herein.

102. Paragraph 102 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Primary Insurers deny those allegations.

103. Denied.

104. Admitted.

105. Paragraph 105 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Primary Insurers deny those allegations.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. The allegations of Paragraph 113 of the Complaint are not directed at the Primary Insurers and therefore no response is required. To the extent a response is deemed required, the Primary Insurers deny those allegations.

114. Denied.

115. Denied.

The Wherefore Clause constitutes a prayer for relief. The Primary Insurers deny that Plaintiff is entitled to any relief whatsoever from the Primary Insurers.

## COUNT IV
**(Declaratory Relief Against All Carriers)**

116. The Primary Insurers incorporate by reference the responses contained in Paragraphs 1-115 as if fully set forth herein.

117. Paragraph 117 of the Complaint contains legal conclusions to which no response is required. To the extent a response is deemed required, the Primary Insurers deny those allegations.

118. Admitted.

119. Denied.

120. Denied.

121. The Primary Insurers admit that Paragraph 121 of the Complaint includes a partial quotation from the Primary Policy, but they deny that this paragraph fully or accurately conveys the definition of Claim. To the extent not expressly admitted, the Primary Insurers deny the allegations in Paragraph 121.

122. Denied.

123.    The Primary Insurers admit that Paragraph 123 of the Complaint includes a partial quotation from the Primary Policy, but they deny that this paragraph fully or accurately conveys the Primary Policy's provisions.  To the extent not expressly admitted, the Primary Insurers deny the allegations in Paragraph 123.

124.    Denied.

125.    The Primary Insurers admit only that Plaintiff has requested coverage for certain amounts incurred in his defense of the Subpoena and the Indictment.  To the extent not expressly admitted, the Primary Insurers deny the allegations of Paragraph 125.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    The allegations of Paragraph 130 of the Complaint are not directed at the Primary Insurers and therefore no response is required.  To the extent a response is deemed required, the Primary Insurers deny those allegations.

131.    Paragraph 131 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Primary Insurers deny those allegations.

132.    Paragraph 132 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is deemed required, the Primary Insurers deny those allegations.

The Wherefore Clause constitutes a prayer for relief.  The Primary Insurers deny that Plaintiff is entitled to any relief whatsoever from the Primary Insurers.

## COUNT V
**(Detrimental Reliance Against the Primary Carriers)**

133. The Primary Insurers incorporate by reference the responses contained in Paragraphs 1-132 as if fully set forth herein.

134. The Primary Insurers admit only that Plaintiff has requested coverage for certain amounts incurred in his defense of the Subpoena and the Indictment. To the extent not expressly admitted, the Primary Insurers deny the allegations of Paragraph 134.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

The Wherefore Clause constitutes a prayer for relief. The Primary Insurers deny that Plaintiff is entitled to any relief whatsoever from the Primary Insurers.

## COUNT VI
**(Lack of Good Faith Against the Primary Carriers)**
*Bernard Harper v. General Star*

142. The Primary Insurers incorporate by reference the responses contained in Paragraphs 1-141 as if fully set forth herein.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied..

The Wherefore Clause constitutes a prayer for relief.  The Primary Insurers deny that Plaintiff is entitled to any relief whatsoever from the Primary Insurers.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's claims may be barred in whole or in part because Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff's claims may be barred in whole or in part because the Indictment is not a "Claim" as defined in the Primary Policy.

3. Plaintiff's claims may be barred in whole or in part because the Indictment does not allege a Wrongful Act as defined in the Primary Policy.

4. Plaintiff's claims may be barred in whole or in part to the extent that the wrongdoing alleged in the Indictment was not allegedly committed in Plaintiff's capacity as an Insured under the Primary Policy.

5. Plaintiff's claims may be barred in whole or in part because the Indictment does not seek Loss as defined in the Primary Policy.

6. Plaintiff's claims may be barred in whole or in part by Exclusion 9 of the Primary Policy.

6. Plaintiff's claims may be barred in whole or in part by Exclusion 1 of the Primary

Policy.

7. Plaintiff's claims may be barred in whole or in part by misrepresentations made in the application for the Primary Policy.

8. Plaintiff's claims may be barred in whole or in part by the Primary Policy's Profit/Dishonesty Exclusion.

9. The specified coverage provided under the Primary Policy is subject to and limited by all of its terms, conditions and exclusions.  There may be other terms, conditions and exclusions of the Primary Policy that bar or limit coverage for all or some of the amounts for which Plaintiff seeks coverage of which the Primary Insurers are presently unaware.  The Primary Insurers reserve their right to raise affirmatively other terms, conditions and exclusions as defenses to coverage as appropriate.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: June 4, 2021 | /s/ Charlie Lemley<br>Charles C. Lemley, Bar No. 15205<br>WILEY REIN LLP<br>1776 K Street NW<br>Washington, DC 20006<br>clemley@wiley.law<br>Telephone: (202) 719-7000<br>Facsimile: (202) 719-7049<br><br>*Attorneys for Defendants AXIS Surplus Insurance Company and Endurance American Specialty Insurance Company* |