# EXHIBIT 2



## U.S. Department of Justice

### United States Attorney
### District of Maryland

| | | | |
|---|---|---|---|
| David I. Salem<br>Assistant United States Attorney<br>David.Salem@usdoj.gov | Mailing Address:<br>6500 Cherrywood Lane, Suite 200<br>Greenbelt, MD 20770-1249 | Office Location:<br>6406 Ivy Lane, 8th Floor<br>Greenbelt, MD 20770-1249 | DIRECT: 301-344-4237<br>MAIN: 301-344-4433<br>FAX: 301-344-4516 |

To The Recipient of this Subpoena:

Pursuant to an official criminal investigation being conducted by the United States Attorney's Office, it is requested that your company furnish certain information, as detailed on the attached subpoena. You have the right to present the records directly to the Grand Jury. If you choose to waive that right, you may comply with the subpoena by sending the requested documents to the undersigned Assistant United States Attorney before the appearance date.

You are requested not to disclose the existence of this subpoena. Any such disclosure could impede the investigation being conducted and thereby interfere with the enforcement of the law. If you have any questions regarding this subpoena, you may call the undersigned at (301) 344-4433.

Thank you for your cooperation in this matter.

Sincerely,

Rod J. Rosenstein
United States Attorney

*Thomas M. Sullivan, AUSA*
for David I. Salem
Assistant United States Attorney

Attachments

001 of 011

AO 110 (Rev. 06/09) Subpoena to Testify Before a Grand Jury

# UNITED STATES DISTRICT COURT
for the
District of Maryland

## SUBPOENA TO TESTIFY BEFORE A GRAND JURY

To: Custodian of Records
Attn: Russell Duncan, Esq.
Shulman, Rogers, Gandal, Pordy & Ecer, P.A.
12505 Park Potomac Avenue, 6th Floor
Potomac, Maryland 20854

**YOU ARE COMMANDED** to appear in this United States district court at the time, date, and place shown below to testify before the court's grand jury. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: Greenbelt Grand Jury<br>6500 Cherrywood Lane, Room 280A<br>Greenbelt, MD 20770 | Date and Time:<br>February 15, 2017 @ 9:00 am |
|---|---|

**YOU MUST** also bring with you the following documents, electronically stored information, or objects (blank if not applicable):

See Attachment

In lieu of personal appearance you may comply with this subpoena by forwarding all information to Special Agent Nanette H. Schumaker, Federal Bureau of Investigation, 2600 Lord Baltimore Drive, Baltimore, MD 21244, (410) 977-6268, or by e-mail at Nanette.Schumaker@ic.fbi.gov. Also please include a copy of this subpoena with the requested records.

Date: January 27, 2017

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

Felicia C. Cannon
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the United States Attorney, or Assistant United States Attorney, who requests this subpoena, are:

Thomas M. Sullivan, AUSA

for David Salem, Assistant United States Attorney
6500 Cherrywood Lane Suite 200 Greenbelt, MD 20770
301-344-4433
David.Salem@usdoj.gov

## PROOF OF SERVICE

This subpoena for *(name of individual or organization)* Custodian of Records Attn: Russell Duncan, Esq.

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

ATTACHMENT TO SUBPOENA ISSUED TO:

Shulman, Rogers, Gandal, Pordy, & Ecker P.A.
12505 Park Potomac Avenue, 6th Floor
Potomac, Maryland 20854

A.   DEFINITIONS AND INSTRUCTIONS

This request seeks the production of certain documents, as specified in Section B of this attachment. The documents should be produced in accordance with the following requirements:

1. "Document" means each and every writing, of whatever nature, whether an original, a draft, or a copy, however produced, reproduced or stored, whether manually, mechanically, electronically, electromagnetically, or otherwise, and each and every tangible thing from which information can be processed or transcribed. Non-identical copies are deemed to be separate documents.

    a. The term "document" includes, but is not limited to, emails, letters, telegrams, telexes, facsimiles, contracts, agreements, memoranda, receipts, calendars, diaries, appointment books, telephone messages and message logs, notes, schedules, work sheets, books, pamphlets, summaries, proposals, photographs, ledgers, statements, files, invoices, billing information, notebooks, verifications of assets, adding machine tapes, financial statements and other compilations of financial data, work papers, bank statements and associated bank records, checks, records of wire transfers or cash payments, charts, graphs, research materials, prospectuses, registration statements, computer printouts and other computer generated writings, or any similar item.

    b. The term "document" includes all such material now in your possession, custody or control, including each and every document that is under your control but is not in your immediate possession, and all deleted content.

2. "Records" means all tangible, written or non-written forms of expression in your possession, custody or control, including partial, preliminary and completed versions, however created, produced or stored, whether electronically, electromagnetically, or otherwise, including, but not limited to, tape recordings, video recordings, magnetic tapes, disks, diskettes, disk packs and other electronic media, microfilm, microfiches, and storage devices, or any similar item.

3. "You" or "your" means the law firm "Shulman, Rogers, Gandal, Pordy, & Ecker P.A." (hereinafter "Shulman Rogers").

4. "Shulman, Rogers, Gandal, Pordy, & Ecker P.A." means the entity to which this subpoena is addressed and includes any and all of its predecessor entities, departments, subdivisions and successors in interest as well as all of its present

==and former directors, officers, partners, counsel, associated attorneys, employees, agents and all other persons purporting to act on behalf of the foregoing.==

5. Unless otherwise specified in a particular paragraph, this subpoena shall cover the time period from June 1, 2009, to the date this subpoena is received by you.

6. As used in this attachment documents "concerning," "regarding," or "related to" a given subject matter include all documents that constitute, contain, embody, comprise, reflect, identify, state, refer to, pertain to, respond to, comment on, describe, analyze, or are in any way relevant to that subject, regardless of whether they explicitly mention or name the subject matter.

7. Each and every document requested by this subpoena shall be produced in the manner in which it is or has been maintained in the ordinary course of business. By way of illustration, if documents requested by this subpoena are or have been maintained in a folder, the documents requested shall be produced in the original folder.

8. Documents produced should be accompanied by a file source log detailing the custodian or location from which the document was retrieved or collected.

9. The following rules of construction apply to this attachment:

   a. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the attachment all responses that might otherwise be construed to be outside of its scope; and

   b. The use of the singular form of any word includes the plural and vice versa.

10. No modifications will be made to the terms of this Subpoena except in writing.

11. All documents for which you claim any privilege shall be segregated, maintained and not destroyed, and specifically and individually identified on a privilege log to be produced at the time of production with the following descriptors: (a) control numbers for the page range; (b) date; (c) author; (d) addressees/recipients; (e) format; (f) name of litigation or transaction giving rise to privilege; (g) specific subject matter; and (h) privilege claimed.

**B. DOCUMENTS REQUESTED**

1. All engagement letters, contracts and billing records, including records related to subcontractors engaged by the law firm, related to the firm's representation of any of the following entities or individuals:

    a. The Federal Government of Somalia
    b. The Transitional Federal Government of Somalia
    c. The Central Bank of Somalia
    d. The Somali Ministry of Finance
    e. Haden Global Services
    f. Central B of Somal Inc.
    g. Uniteks
    h. Brighton Ventures
    i. Brighton Africa
    j. Tamasa Trading
    k. Azofco Trading
    l. Hassan Sheikh Mohamud
    m. Ali Abdi Amalow
    n. Abdusalam Omer
    o. Fawzia Yusuf Adam
    p. Yussur Abrar
    q. Thabit Abdi
    r. Abdiaziz Amalo
    s. Muse Ganjab
    t. Abdulhamid Hersiburane
    u. Bahjo Arman (aka Bahja Omar)
    v. Dahir Amalo

  w. Farah Amalo

2. All documents and correspondence regarding the entities and individuals identified in Item 1, above, including but not limited to any such materials located in the e-mails or files of the following current and former employees:

  a. Jeremy Schulman

  b. Koushik Bhattacharya

  c. Lesley Benn

  d. Jacob Frenkel

  e. Alexander Vincent

  f. Tina Hensley

3. All agreements between Shulman Rogers Gandal Pordy & Ecker and any agents, consultants, or third parties acting on behalf, or at the direction of, the law firm in connection with its representation of any of the entities or individuals identified in Item 1, above, including, but not limited to, the following:

  a. Abdiaziz Amalo

  b. Muse Ganjab

  c. Abdulhamid Hersiburane

  d. Central B of Somal, Inc.

  e. VA Nexgen

  f. Haden Global Services

  g. Uniteks

  h. Brighton Ventures

  i. Brighton Africa

  j. Donald Bandler

  k. FTI

  l. The Podesta Group

  m. The Moffett Group

4. All federal and state tax documentation associated with the entities and individuals identified in Item 3, above.

5. All records of financial transactions between Shulman Rogers and the entities and individuals identified in Item 1, above. Your response should include, but not be limited to, the following documents and data: associated financial institution and account numbers; associated dates of transaction; all documents relating to monies transferred by wire or other electronic means including but not limited to full transaction reports, debit or credit slips, transaction sheets, letters or any other forms of correspondence authorizing the transfer.

## ELECTRONIC PRODUCTION OF DOCUMENTS

Our understanding is that your institution maintains the records provided in response to this subpoena in electronic form. Accordingly, if costs submitted by this institution requesting for reimbursement with respect to copying costs, it will be denied. Unless the bank submits its request with representations to this office that the documents were only maintained by the bank in paper or microfiche form.

**Regarding charges and fees**, under the regulations related to the Right to Financial Privacy Act, our office is not required to reimburse for any copying costs related to documents maintained by the bank in electronic form, unless we specifically request documents in paper form. *See* 12 C.F.R. § 219.5 ("Payment shall be made only for costs that are both directly incurred and reasonably necessary to provide requested material . . . Photocopying or microfiche charges are reasonably necessary only if the institution has reproduced financial records that were not stored electronically (i.e., where the information requested was stored only on paper or in microfiche), or where the government authority making the request has specifically asked for printed copies of electronically stored records."). <u>We specifically request that the documents provided in response to this subpoena be provided in electronic form.</u>

## INSTRUCTIONS FOR PRODUCTION OF ELECTRONICALLY (DIGITALLY) STORED RECORDS

1. General

**Electronically stored records shall be produced in electronic form and shall include those records held:**

    A.    In your record retention systems; and/or
    B.    By your technology, data, or other service provider(s).

2. Text Data

    A.    Text data relating to transactions (e.g., core data, history file) shall be produced within a data file:

        1.    Using delimited ASCII text data format; or
        2.    Within software that can export without loss of data to a non-proprietary file format;
        3.    Using commonly readable file format set by agreement.

    B.    Text data files relating to transactions produced according to ILA, shall include field descriptions (e.g., account number, date/time, description, payee/payor, check number, item identifier, and amount).

3. Image Data

1

**009 of 011**

2014R00428 - 029

    A.    Image data shall be produced in graphic data files in a non-proprietary or commonly readable format with the highest image quality maintained.

    B.    Image data of items associated with specific transactions (e.g., checks, deposits) shall be:

        1.    Produced in individual graphic data files with any associated endorsements; and

        2.    Linked to corresponding text data by a unique identifier.

4. Encryption/Authentication

    A.    Electronically stored records may be transmitted in an encrypted container. Decryption keys shall be produced separately at the time the data are produced.

    B.    Authentication, such as hash coding, may be set by agreement.

# CERTIFICATION UNDER FEDERAL RULES OF EVIDENCE
## 803(6) AND 902(11)

I HEREBY CERTIFY that I, _____, am the Custodian of Records for _____ (NAME OF BUSINESS*)[1]. I further certify that:

1. The attached record, Exhibit _____, consisting of _____ pages, is a true and correct copy/original record of _____ (NAME OF BUSINESS), hereafter "the business", which is maintained by me or under my supervision;

2. It is the regular practice of the business to make and maintain such records;

3. The records were made at or near the time of the occurrence(s) reflected thereon;

4. The records were made by a person or persons with knowledge, or from information transmitted by a person with knowledge of the matters contained thereon.

5. I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
            Date                       Signature

                                       _____
                                       Name (Typed or Printed)

                                       _____
                                       Title

---

[1] The term "business" includes business, institution, association, profession, occupation and calling of every kind, whether or not conducted for profit.