# EXHIBIT B



**AXIS PRO®**
**LAWYERS PROFESSIONAL LIABILITY**
**INSURANCE POLICY**

THIS IS A CLAIMS MADE POLICY. IT APPLIES ONLY TO THOSE CLAIMS THAT ARE FIRST MADE DURING THE POLICY PERIOD AND ANY APPLICABLE EXTENDED REPORTING PERIOD, AS THOSE TERMS ARE DESCRIBED IN THIS POLICY. PLEASE REVIEW THIS POLICY CAREFULLY AND DISCUSS THIS COVERAGE WITH YOUR INSURANCE AGENT OR BROKER.

EXCEPT AS OTHERWISE SET FORTH IN THIS POLICY, CLAIM EXPENSES REDUCE THIS POLICY'S LIMITS OF LIABILITY AND ARE SUBJECT TO THE POLICY'S DEDUCTIBLE.

### Preface

The terms **we**, **us**, and **our** refer to the company issuing this policy as stated in the Declarations, and the terms **you** and **your** refer to those persons or entities insured as further defined in this policy. The **named insured**, incorporated within the terms **you** and **your**, has special duties and responsibilities, which are described in the policy.

Various terms used in this policy have special definitions. Words in **bold** are defined in the Definitions section of this policy. Titles are provided for informational purposes only and do not have special meanings.

This policy is organized into the following sections:

**Preface**
**Coverage**
**Definitions**
**Special Benefits**
**Territory**
**Exclusions**
**Limits of Liability & Deductible**
**Defense of Claims**
**Claims**
**Extended Reporting Periods**
**Conditions**

There are exclusions and conditions that apply to the coverage provided by this policy. Please read the entire policy carefully.

### Coverage

In consideration of the premium paid, **your** payment of the deductible, and in reliance upon the statements made by the **named insured** in the application and supplementary information provided by the **named insured**, and subject to the limits of liability and all other terms, conditions, and exclusions of this policy:

**We** agree to pay on **your** behalf all **damages**, in excess of the deductible and up to the limits of liability stated in the Declarations, that **you** become legally obligated to pay as a result of any **claim** first made against **you** during the **policy period** or any applicable **extended reporting period** alleging **you** or a person for whom **you** are legally liable committed a **wrongful act**, provided that:

1. such **wrongful act** was first committed on or after the retroactive date set forth in the Declarations, if any, but before the end of the **policy period**;

2. prior to the effective date of the first Lawyers Professional Liability Insurance Policy issued by **us** to the **named insured** and continuously renewed and maintained in effect to the inception of this **policy period**:

   a. **you** did not give notice to a prior insurer of a **related claim**;

   b. **you** did not give notice to a prior insurer of the **wrongful act** giving rise to the **claim** or any **related wrongful act**; and

   c. **you** had no reasonable basis to believe you had committed a **wrongful act**; and

3. such **claim** is reported to **us** in writing in accordance with the <u>Notice of Claim</u> provision of this policy.

**We** will also pay **claim expenses** as set forth in the section entitled <u>Limits of Liability & Deductible</u>.

<u>Definitions</u>

Whether expressed in the singular or plural, whenever appearing in bold in this policy, the following terms shall have the meanings set forth below.

**Bodily injury** means physical injury, sickness, disease or death of any person. **Bodily injury** shall also mean mental anguish, including emotional distress, shock or fright, whether or not resulting from physical injury, sickness, disease or death of any person.

**Claim** means a written demand received by **you** for monetary or non-monetary relief, including the service of suit or institution of arbitration proceedings against **you**. A **claim** is deemed made when such demand or service is first received by any of **you**.

**Claim expenses** means:

   a. reasonable and necessary fees charged by any lawyer designated by **us**;

   b. reasonable and necessary fees and expenses charged by any lawyer selected by **you** as independent counsel, if a conflict of interest exists and applicable law permits **you** to select such independent counsel and requires **us** to pay for such independent counsel;

   c. all other fees, costs and expenses resulting from the investigation, adjustment, defense and appeal of a **claim**, if incurred by **us**;

   d. all costs allocated to **you** in suits or proceedings and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before **we** have paid or tendered or deposited the amount of such judgment, whether in court or otherwise, but only as respects that part of the judgment which does not exceed the limit of **our** liability thereof; and

   e. premiums on appeal bonds and premiums on bonds to release attachments in such suits, but not for bond amounts in excess of the applicable limit of liability of this policy. **We** shall have no obligation to pay for or furnish any bond.

However, **claim expenses** does not include salary charges of **our** regular employees or officials. **Claim expenses** does not include **your** fees, costs or expenses.

**Damages** means a monetary judgment or settlement. **Damages** does not include:

   a. fines or statutory penalties, sanctions whether imposed by law or otherwise, or any amount awarded or assessed against **you** in any **claim**;

b.  the return of or restitution of legal fees, costs and expenses;

c.  punitive or exemplary damages, or the multiplied portion of multiplied **damages**;

d.  amounts for which **you** are not financially liable or which are without legal recourse to **you**;

e.  the cost of re-performing or completing any **professional legal services**, or the cost of compliance with an injunction or any other non-monetary relief; or

f.  any amounts which may be deemed uninsurable under applicable law.

**Disciplinary proceeding** means a formal investigation or proceeding regarding **your** adherence to professional standards of conduct in the performance of **professional legal services** before a court, state licensing board, peer review committee, bar association, or other regulatory body.

**Extended reporting period** means the designated period of time after the cancellation or non-renewal of the **policy period** for reporting **claims** to **us** that are made against **you** during such period of time, provided that such **claims** arise out of **wrongful acts** that first take place on or after the retroactive date and before the end of the **policy period**.

**Named insured** means any person or entity designated in the Declarations, including the **predecessors** of any such person or entity.

**Organization** means a corporation, partnership, association, trust or fund (including a pension, welfare, profit sharing, mutual or investment fund or trust), or any other business enterprise or charitable organization of any kind or nature.

**Personal injury** means

a.  false arrest, humiliation, detention or imprisonment, wrongful entry, eviction or other invasion of private occupancy, abusive litigation (criminal or civil), abuse of process, or malicious prosecution;

b.  a publication or utterance of a libel or slander or other defamatory or disparaging material; or

c.  a publication or utterance in violation of an individual's right of privacy.

**Policy period** means the period from the effective date of this policy to the policy expiration date as set forth in the Declarations or its earlier termination date, if any.

**Predecessor** means an entity that, prior to the effective date of this policy, is dissolved or inactive and is no longer performing **professional legal services**, and:

a.  more than fifty percent (50%) of such entity's assets have been assigned or transferred to the **named insured**; or

b.  at least fifty percent (50%) of the principals, owners, officers, or partners of such entity  have joined the  **named insured**.

**Professional legal services** means legal services performed for others as:

a.  a lawyer;

b.  a notary public;

    c.  an arbitrator;

    d.  a mediator;

    e.  a title insurance agent;

    f.  a designated issuing lawyer to a title insurance company;

    g.  a court-appointed fiduciary;

    h.  a member of a bar association, ethics, peer review, formal accreditation or licensing, or similar professional board or committee;

    i.  an author, strictly in the publication or presentation of legal research papers or similar legal materials and only if the fees generated from such work are not greater than ten thousand dollars ($10,000); or

    j.  an administrator, conservator, receiver, executor, trustee, guardian, or any similar fiduciary capacity.

Services performed by **you** in a lawyer-client relationship on behalf of one or more clients shall be deemed for the purpose of this section to be **professional legal services** in **your** capacity as a lawyer, although such services could be performed wholly or in part by nonlawyers.

**Property damage** means injury to or destruction of any tangible property or loss of use therefrom. Tangible property does not include currency and negotiable instruments.

**Related claims** means all **claims** arising out of a single **wrongful act** or arising out of **related wrongful acts**.

**Related wrongful acts** means all **wrongful acts** that are logically or causally connected by any common fact, circumstance, situation, transaction, event, advice or decision.

**Totally and permanently disabled** means that **you** have become so disabled as to be wholly prevented from performing **professional legal services**, provided that such disability:

    a.  has existed continuously for more than six (6) months; and

    b.  is expected to be continuous and permanent;

as determined and documented by **your** licensed treating physician.   However, **totally and permanently disabled** shall not mean any condition which occurred:

    a.  as a result of war or acts of war, whether or not declared; or

    b.  during active service in the armed forces of any country.

**We**, **us, our** and **ours** refer to the company issuing this insurance, as stated in the Declarations.

**Wrongful act** means any act, error, omission or **personal injury** committed in the performance of **professional legal services**.

**You** means the **named insured** and the persons or entities described below:

a.  any lawyer, partnership, limited liability partnership, professional corporation or professional association, limited liability company or limited liability partnership who, as of the inception date of the policy, is a partner, officer, director, stockholder-employee, associate, manager, member or employee of the **named insured**;

b.  any lawyer, partnership, limited liability partnership, professional corporation or professional association, limited liability company or limited liability partnership who:

   i.  after the inception date of the policy and prior to its termination, becomes a partner, officer, director, stockholder-employee, associate, manager, member or employee of the **named insured**;

   ii.  was previously affiliated with the **named insured** as a partner, officer, director, stockholder-employee, associate, manager, member or employee of the **named insured**;

   iii.  is acting as "of counsel" to the **named insured**; or

   iv.  is acting as an independent contractor or on a per diem basis to the **named insured**;

but only for **professional legal services** performed on behalf of the **named insured** during the time of such affiliation.  Those of **you** who qualify for and elect a non-practicing **extended reporting period** shall be considered within the definition of **you** as set for the in paragraph a. above; and

c.  each nonlawyer employee who was, is, or becomes an employee of the **named insured**, but only while acting within the scope of employment on behalf of the **named insured** at the time of such employment.

**Your** means belonging to **you**.

<u>**Special Benefits**</u>

1.  <u>**Claim Expenses.**</u>

a.  The first two thousand five hundred dollars ($2,500) of **claim expenses** incurred by **us** for each **claim** shall not be subject to the deductible and shall erode the limits of liability.

b.  If the "each **claim**" limit of liability stated in the Declarations is less than five hundred thousand dollars ($500,000), one hundred thousand dollars ($100,000) of **claim expenses** paid in excess of the amount set forth in a. above for each such **claim** is subject to the deductible and is in addition to, and shall not erode, the limits of liability.

c.  If the "each **claim**" limit of liability stated in the Declarations is at least five hundred thousand dollars ($500,000) but is less than two million dollars ($2,000,000), two hundred fifty thousand dollars ($250,000) of **claim expenses** paid in excess of the amount set forth in a. above for each such **claim** is subject to the deductible and is in addition to, and shall not erode, the limits of liability.

d.  If the "each **claim**" limit of liability stated in the Declarations is two million dollars ($2,000,000) or more five hundred thousand dollars ($500,000) of **claim expenses** paid in excess of the amount set forth in a. above for each such **claim** is subject to the deductible and is in addition to, and shall not erode, the limits of liability.

2. **Disciplinary Proceeding Defense Cost Reimbursement.** If a **disciplinary proceeding** is brought against **you** during the **policy period**, **we** will reimburse reasonable attorneys fees and expenses **you** pay a third party for legal advice and representation to **you** in such matters, as well as reasonable costs, expenses and fees **you** incur to respond to or prepare **your** defense. **Our** determination as to the reasonableness of such fees, costs and expenses will be conclusive. **We** will not pay fines, penalties, sanctions, or any other amounts awarded against you in any **disciplinary proceeding**.

   **You** must provide written notice to **us** as soon as practicable after receipt of the notice of **disciplinary proceeding** at the address stated in the Declarations, but no later than sixty (60) days after the expiration of the **policy period**. No **extended reporting period** shall be available as respects coverage for **disciplinary proceedings**.

   The most **we** will reimburse **you** for any one **disciplinary proceeding** is twenty-five thousand dollars ($25,000). The most **we** will reimburse during the policy period, if applicable, for all **disciplinary proceedings** is one hundred thousand dollars ($100,000) in the aggregate. Any reimbursement made pursuant to this provision will be in addition to the limits of liability set forth in the Declarations.

   Notwithstanding the foregoing, this provision shall not apply to any **disciplinary proceeding** arising out of a **wrongful act** occurring prior to the **policy period** if, prior to the inception date of the first Lawyers Professional Liability Insurance Policy issued by **us** to the **named insured** and continuously renewed and maintained in effect to the inception of this **policy period**, you:

   a.  gave notice to any prior insurer of the **wrongful act**; or

   b.  if **you** had a reasonable basis:

       i.   to believe that **you** had committed a **wrongful act**, breached a professional duty, violated a disciplinary rule or engaged in professional misconduct; or

       ii.  to foresee that a **disciplinary proceeding** would be made against **you**.

3. **Loss of Earnings.** If **we** request in writing that **you** attend a trial, hearing, or arbitration proceeding in the course of defending, investigating or settling a **claim**, **we** will pay **you** up to one thousand dollars ($1,000) per day for **your** loss of earnings for each such day or part thereof you attend. The most we will pay under this provision is ten thousand dollars ($10,000) for each **claim**, regardless of how many days of attendance are requested or how many of **you** attend such proceedings, and fifty thousand dollars ($50,000) in the aggregate for all **claims** made during the **policy period** or **extended reporting period**, if applicable. Any payment made pursuant to this provision will be in addition to the limits of liability set forth in the Declarations.

4. **Reduced Deductible for Arbitrated or Mediated Claims.** **We** have the right to submit a **claim** to binding arbitration or mediation; however, no **claim** shall be submitted to arbitration without **your** prior written consent. If **you** consent to submit a **claim** made against **you** to binding arbitration or mediation upon **our** request, and agree with the terms and conditions **we** specify as respects such arbitration or mediation, **we** will reduce the deductible stated in the Declarations by fifty percent (50%). However, in the case of mediation, the maximum dollar amount by which the deductible will be reduced under this special benefit is two thousand five hundred dollars ($2,500).

5. **Subpoena Assistance.** In the event **you** receive a subpoena during the **policy period** for the production of documents or to compel testimony, **we** will, upon **your** request, have the right and obligation to select counsel to provide legal advice and representation to **you** with respect to the subpoena. **We** shall pay such counsel's reasonable attorneys fees and expenses, excluding any disbursements; provided that the subpoena:

a.  is not received in connection with a **claim** otherwise covered under this policy; and

b.  is not in connection with a lawsuit for which you have been engaged to provide advice or testimony.

No **extended reporting period** shall be available as respects coverage for subpoena assistance.

The maximum aggregate amount payable for all such legal fees covered under this additional coverage, regardless of the number of subpoenas or how many of **you** receive subpoenas, shall be twenty-five thousand dollars ($25,000) in the aggregate.  Such fees incurred under this additional coverage provision shall be in addition to the aggregate limits of liability set forth in the Declarations.

Any notice **you** give to **us** of such subpoena shall be deemed notification of a potential **claim** under the **Discovery Clause** of this policy.

Territory

The insurance afforded applies to **Wrongful Acts** occurring worldwide, to the extent permissible by law.

Exclusions

1.  **Bodily Injury and Property Damage.**  This policy does not apply to any **claim** based upon or arising out of **bodily injury** or **property damage** unless such **bodily injury** or **property damage** would not have otherwise occurred directly or indirectly but for **your** performance of **professional legal services**, and no other cause or circumstance contributed to the loss, including but not limited to the negligence of a third party, and if:

    a.  such **bodily injury** or **property damage** takes place on premises occupied by the **named insured**;

    b.  such **bodily injury** does not happen to **you** and such **property damage** does not occur to any property owned by **you**;

    c.  the liability for such **claim** does not arise directly or indirectly out of any obligation under any workers' compensation, disability benefits or unemployment compensation law or any similar law;

    d.  such **bodily injury** or **property damage** does not arise out of actual, alleged or threatened pollution; and

    e.  the liability for such **claim** does not arise directly or indirectly out of the use, ownership, and/or maintenance of owned, nonowned, hired, rented, or loaned automobiles, trucks, aircraft or watercraft by **you**.

    However, this exclusion does not apply to mental anguish, including emotional distress, shock or fright caused by **personal injury**.

2.  **Certain Services and Capacities.**  This policy does not apply to any **claim** against **you** in **your** capacity as:

    a.  an officer, director, partner,  manager, operator, or employee of an **organization** other than of the **named insured**;

    b.  a public official, or an employee of a governmental body, subdivision, or agency;

c. a fiduciary under the Employee Retirement Income Security Act of 1974 and its amendments thereto, or similar federal, state, local or common law, or any regulation or order issued pursuant thereto, except if **you** are deemed to be a fiduciary solely by reason of legal advice rendered with respect to an employee benefit plan.

3. **Equity Interests.**  If a person insured under this policy owns alone or together with  his or her spouse or **Domestic Partner**, ten percent (10%) or more of the issued and outstanding shares, units or other portions of the capital of an **organization**, and that person simultaneously provides **professional legal services** with respect to such an **organization**, this policy will provide no coverage to that person for any **claims** based upon or arising out of such **professional legal services**.

If the collective equity interest of:

a. all persons and entities insured under this policy;

b. spouses of persons insured under this policy; and

c. the **named insured**

is thirty-five percent (35%) or more of the issued and outstanding shares, units or other portions of the capital of an **organization**, and any person insured simultaneously provides **professional legal services** with respect to such an **organization**, this policy will provide no coverage to any person insured or to the **named insured** for any **claims** that result therefrom.

4. **Fraudulent, Criminal, Malicious, Deliberately Wrongful Acts, or Omissions.**  This policy does not apply to any **claim** based upon or arising out of any dishonest, fraudulent, criminal, malicious or deliberately wrongful acts or omissions committed by **you**.

This exclusion shall not apply to a **claim** until and unless such conduct is evidenced by any judgment, final adjudication, alternate dispute resolution proceeding or written admission by **you**.

This exclusion does not apply to those of **you** who did not personally commit, personally participate in committing, or remain passive after learning about one or more of the acts or omissions described in this exclusion. However, **our** obligation to provide coverage in any such case shall be excess of the deductible and excess of the full extent of any assets in the **named insured**, or monetary value attributed to such assets, of anyone to whom this exclusion applies.

This exclusion shall not apply to **claims** alleging **personal injury**.

5. **Insured versus Insured.**  For the purpose of this exclusion, the term "insured" shall mean "**you**." This policy does not apply to any **claim** made by one or more insured against another insured unless an attorney/client relationship exists between such insureds.

6. **Status as Beneficiary or Distributee.**  This policy does not apply to any **claim** made against **you** in **your** capacity as a beneficiary or distributee of any trust or estate.

**Limits of Liability & Deductible**

1. **Claim Expenses.**  **Claim expenses** paid under this policy shall reduce this policy's limits of liability and are subject to the policy's deductible.  However, subject to specific conditions and limitations, some **claim expenses** shall not be subject to the limits of liability nor to the deductible as fully described in the **Special Benefits** section of the policy.

2.  **Limits of Liability – Each Claim.**  The most **we** will pay for **damages** and **claim expenses** for each **claim**, in excess of the deductible, is specified as "each claim" in the limits of liability section of the Declarations and is subject to the amount specified as "aggregate" in the limits of liability section of the Declarations.

3.  **Limits of Liability – Aggregate.**  The most **we** will pay for **damages** and **claim expenses** for all **claims** is specified as "aggregate" in the limits of liability section of the Declarations.

4.  **Deductible.**  The deductible stated in the Declarations is the total amount of **your** liability for each **claim** and applies to the payment of **damages** and **claim expenses**, except as otherwise permitted in the **Special Benefits** section of this policy.  The limits of liability are in addition to and in excess of the deductible.  The deductible shall be paid by the **named insured**, or upon the **named insured's** failure to pay, jointly and severally by all of **you.**

5.  **Multiple Policies Issued by Us Covering the Same Claim.**  If two (2) or more policies of Lawyers Professional Liability Insurance issued by **us** covering **you** apply to the same **claim** or **claims** for which **you** are jointly and severally liable, **we** shall not be liable under this policy for a greater proportion of such **damages** than **our** liability under this policy bears to **our** total liability under all applicable valid and collectible insurance issued by **us**, provided that **we** shall not pay on **your** behalf any sum that exceeds the limit of liability of that policy issued by **us** that has the highest applicable limits of liability.  In such circumstances, **you** will not be responsible under this policy for a greater proportion of the deductible than **your** responsibility under this policy bears to **your** total responsibility for all applicable deductibles, provided that **you** will not be responsible for any amount that exceeds the deductible of that policy issued by **us** that has the highest applicable deductible.

6.  **Multiple Insureds, Claimants and Related Claims.**

    a.  **Multiple Insureds, Claimants.**  Neither the making of a **claim** against more than one of **you** nor the making of **claims** by more than one person or entity shall operate to increase **our** limits of liability.

    b.  **Related Claims.**  All **related claims**, whenever made, shall be considered first made during the **policy period** or any applicable extended reporting period in which the earliest **claim** arising out of such **wrongful acts** was first made and reported to us.  Further, all **related claims** shall be treated as a single **claim** and shall be subject to a single "each claim" limit of liability.

### Defense of Claims

**We** have the right and duty to defend any **claim** against **you** including the appeal thereof seeking **damages** to which this insurance applies even if any of the allegations are groundless, false, or fraudulent.

**We** have the right to appoint counsel on **your** behalf to defend, investigate, and, with **your** written consent, settle such **claim** covered by the terms of this policy.  If **we** recommend a settlement of a **claim** which is acceptable to the claimant, and **you** refuse to consent to such settlement, then **our** obligation to pay **damages** and **claim expenses** on account of such **claim**, shall not exceed the sum of:

1.  the amount for which **we** could have settled such **claim**, plus **claim expenses** incurred up to the date of **your** refusal to consent to such settlement; and

2.  fifty percent (50%) of **damages** and **claim expenses** incurred in connection with such **claim** in excess of the amount referenced in paragraph 1. above.  All remaining **damages** and **claim expenses** shall be borne by **you** uninsured and at **your** own risk.

However, in no event shall **our** liability exceed the applicable limits of liability.

**We** are not obligated to investigate, defend, pay or settle, or continue to investigate, defend, pay or settle a **claim** after the applicable limit of liability has been exhausted by payment of **damages** and/or **claim expenses**, or after **we** have deposited the remaining available limits of liability into a court of competent jurisdiction. In such case, **we** shall have the right to withdraw from the further investigation, defense, payment or settlement of such **claim** by tendering control of such investigation or defense to **you**.

Claims

1. **Notice of Claims.   You** must give **us** written notice of any **claims** made against **you** as soon as practicable but not later than sixty (60) days after expiration of the **policy period** or any applicable **extended reporting period**. In the event suit is brought against **you**, **you** must immediately forward to **us** every demand, notice, summons, complaint or other process received directly or by **your** representatives. Written notice of any claim against **you**, as well as of each demand on or action against **us**, must be delivered to **us** at the address stated on the Declarations.

   All notices to **us** must be in writing. Notice given by or on behalf of **you** to **our** agent shall be considered notice to **us**.

2. **Discovery Clause.** Should **you** first become aware during the **policy period** of a **wrongful act** for which coverage is otherwise provided hereunder, and should **you** give written notice to **us** of:

   a. the specific **wrongful act**;

   b. the injury or **damage** which has resulted or may result from such **wrongful act**; and

   c. the circumstances by which **you** first became aware of such **wrongful act**,

   then any **claim** that may subsequently be made against **you** arising out of such **wrongful act** shall be deemed for the purposes of this insurance to have been made during the policy period in which such notice was given to **us**.

3. **Assistance and Cooperation.   You** must cooperate with **us** in the investigation, defense and settlement of **claims** or related matters, including:

   a. submitting to examination and interrogation by **our** representative at **our** request, under oath if required;

   b. attending hearings, depositions and trials, securing and giving evidence, obtaining the attendance of witnesses, and effecting settlement; and

   c. giving of written statements to **our** representatives, including investigating and coverage counsel, and meeting with such representatives for the purpose of investigation, including the investigation of coverage issues or defense;

   all without charge to **us** unless otherwise permitted in the section entitled **Special Benefits**. **You** must further cooperate with **us** and do whatever is necessary to secure and effect any rights of indemnity, contribution or apportionment that **you** may have. **You** must not, except at **your** own cost, make any payment, admit any liability, settle any **claims**, assume any obligation or incur any expense without **our** prior written consent.

4. **False or Fraudulent Claims.**  If **you** commit fraud in submitting any **claim** under this policy as regards amount or otherwise, the insurance provided under this policy shall become void as to **you** from the date such fraudulent **claim** is submitted.

**Extended Reporting Periods**

This section of the policy sets forth the **extended reporting periods** that may be available to **you** under this policy.   No **extended reporting period** shall be construed to be a new policy and any **claim** submitted during an **extended reporting period** shall be subject to the policy's terms and conditions except as specifically set forth below.  All **claims** made during an **extended reporting period** must be reported in accordance with the provision entitled **Notice of Claims**.

1.  **Automatic Extended Reporting Period.**  If the **named insured** or **we** do not renew this policy, or **we** cancel this policy for reasons other than for non-payment of premium, **we** will provide the **named insured** with an automatic, non-cancelable sixty (60) day **extended reporting period.**    This automatic **extended reporting period** terminates sixty (60) day after the end of the **policy period**. The limits of liability applicable to **claims** made during the automatic **extended reporting period** shall be part of and not in addition to the  limits of liability set forth on the Declarations.

    No automatic **extended reporting period** shall be available if the **named insured** obtains another lawyers professional liability insurance policy that applies to such **claim** within sixty (60) days immediately following the end of the **policy period**.

2.  **Optional Extended Reporting Period.**

    a.  **Eligibility.**  If the **named insured** or **we** do not renew this policy, or **we** cancel this policy for reasons other than for non-payment of premium, then the **named insured** shall have the option to purchase an **extended reporting period** for the time periods set forth below, provided the **named insured** notifies us, within sixty (60) days following such termination, of its desire for an optional **extended reporting period** and provided further that the **named insured** promptly pays when due any amounts owed to us.   Such **extended reporting period** will incept after the termination of the automatic **extended reporting period**.  If the required notice is not timely given to **us**, the right to elect an optional **extended reporting period** is waived.  The optional **extended reporting period**, if purchased, shall be endorsed hereto.

    b.  **Available Options.**  **Extended reporting period** options are listed below with an additional premium set forth opposite each option.  The additional premiums stated are a percentage of the full annual premium of this policy.   The additional premium will be adjusted for any return premium owed because of cancellation or any premium owed **us** for this policy.

    | Option | Additional Premium |
    |---|---|
    | 1 year | 100% |
    | 2 years | 135% |
    | 3 years | 150% |
    | 5 years | 185% |
    | Unlimited | 225% |

    The optional **extended reporting period** begins at the end of the automatic **extended reporting period,** if available, or upon expiration of the **policy period** whichever is earlier.   At the commencement of the optional **extended reporting period**, the entire premium therefor shall be deemed earned.  The optional **extended reporting period** shall not be cancelable.

    c.  **Optional Extended Reporting Period Limits of Liability.**  If the **named insured** purchases an optional **extended reporting period**, then **our** limit of liability for **claims** made during the optional **extended reporting period** shall be reinstated to an amount equal to the limit of liability set forth in the Declarations for this policy.  For **claims** made during the **extended reporting period**, the applicable deductible set forth on the Declarations continues to apply.

3. **Non-practicing Extended Reporting Period.**

   a. **Limitation.** For those of **you** who do not qualify for an unlimited non-practicing **extended reporting period** at no additional charge, the non-practicing **extended reporting period** as set forth herein shall not begin until after expiration of this **policy period,** any renewal of this policy in a series of successive renewals, or any optional **extended reporting period**.

   b. **Eligibility.**

      i. Death and Disability

         Those of **you** who are affiliated with the **named insured** as a lawyer (other than "of counsel" or independent contractor lawyers) who during the policy period, die or become totally and permanently disabled will be automatically provided with an **extended reporting period** for an unlimited period of time at no additional premium.

      ii. Retirement

         Those of **you** (other than independent contractor lawyers) who, during the **policy period,** retire, or otherwise cease the private practice of law, have the option to purchase an **extended reporting period** as set forth below. The additional premiums, set forth below, are stated are a percentage of the full annual premium of this policy. Each of **you** electing this **extended reporting period** must pay the full indicated percentage.

         | Option | Additional Premium |
         |--------|--------------------|
         | 1 year | 100% |
         | 2 years | 135% |
         | 3 years | 150% |
         | 5 years | 185% |
         | Unlimited | 225% |

         However, if **you**:

         (a) retire or otherwise cease the private practice of law during the **policy period** and have been insured under a Lawyers Professional Liability Policy in the Aon Attorney's Advantage program continuously for the last three, full years; or

         (b) retire or otherwise cease the private practice of law during the **policy period** and have been insured under a Lawyers Professional Liability Policy in the Aon Attorney's Advantage program continuously for one full year plus the previous three full years under a Lawyers Professional Liability Policy with a single prior insurance company.

         then **you** will be provided with an **extended reporting period** for an unlimited period of time at no additional charge. Upon election of a non-practicing **extended reporting period,** the entire premium therefor shall be deemed fully earned. The non-practicing **extended reporting period** shall not be cancelable.

      iii. **Your** right to a non-practicing **extended reporting period** must be exercised by notice in writing not later than sixty (60) days after the date you die, become **totally and permanently disabled,** retire or otherwise cease the private practice of law. Such notice must indicate the total extension period desired, if applicable, and must include payment of any amounts due us, if any, for such non-practicing **extended reporting period**. The non-practicing **extended reporting period** shall be endorsed hereto.

If such notice is not timely given to **us**, **you** will be deemed to have waived the right to a non-practicing **extended reporting period**.

c.   **Non-practicing Extended Reporting Period Limits of Liability.**  For those attorneys who are eligible for an unlimited non-practicing **extended reporting period** at no additional charge, the limits of liability available for each **claim** and all **claims** in the aggregate are part of and not in addition to the limits of liability on the Declarations for the policy in effect when they became eligible, regardless of the number of **you** who are eligible for such **extended reporting period** or who are insured under this policy.

With respect to those attorneys who retire or otherwise leave the private practice of law and who elect a non-practicing **extended reporting period**, for which payment is required, **our** limits of liability for **claims** made during any non-practicing **extended reporting period** shall be equal to the limits of liability set forth in the Declarations for this policy and shall apply separately to each of **you** who make such election.

The deductible and deductible provisions of this policy will be waived with respect to **claims** first made against **you** during the non-practicing **extended reporting period**.

### Conditions

1.   **Firm Changes.**  The **named insured** must give us written notice if the total number of attorneys of the **named insured** increases by more than fifty percent (50%) during the **policy period**.  If the total number of attorneys is below six (6) lawyers as of the effective date of this policy, the **named insured** must give us written notice if the total number of attorneys of the **named insured** increases by more than one hundred percent (100%) during the **policy period**.  In the event of a merger, dissolution or acquisition, the **named insured** must use best efforts to notify **us** at least thirty (30) days prior to the projected date of such change, but in no case shall the **named insured** provide **us** with less than five (5) days' notice.  In each case, **we** will have the right to accept, alter or decline coverage for the new lawyers and to charge an additional premium.

2.   **Subrogation.**  In the event of any payment under this policy, **we** shall be subrogated to all **your** rights of recovery therefor against any person or entity, provided, however, **we** shall not exercise any rights of subrogation against any of **you** who did not commit the wrongdoing. **You** must execute and deliver instruments and papers and do whatever else is necessary to secure such rights and **you** must do nothing to prejudice such rights.

Any amount recovered upon the exercise of such rights of subrogation shall be applied as follows: first, to the repayment of expenses incurred toward subrogation; second, to **damages** or **claim expenses** paid by **you** in excess of the limits of liability; third, to **damages** or **claim expenses** paid by **us**; fourth, to **damages** or **claim expenses** paid by **you** in excess of the deductible; and last, to repayment of the deductible.

3.   **Action Against Us.**  No action shall lie against **us** unless, as a condition precedent thereto, **you** shall have fully complied with all the terms of this policy, nor until the amount of **our** obligation to pay shall have been fully and finally determined either by judgment against **you** or by written agreement of **you**, the claimant and **us.**  In the event any person or entity or the legal representative thereof has secured a judgment against **you** and such judgment remains unsatisfied after the expiration of thirty (30) days from the service of notice of entry of the judgment upon **your** attorney, or upon **you**, and upon **us**, then an action may, except during a stay or limited stay of execution against **you** on such judgment, be maintained against **us** under this policy for the amount of such judgment to the extent of the insurance afforded by this policy.

Nothing contained in this policy shall give any person or entity the right to join **us** as a co-defendant in any action against **you** to determine **your** liability.  .

4. **Application.**  By acceptance of this policy, **you** agree that the statements in the application are personal representations to **us** for the purpose of securing this insurance policy, that they shall be deemed material, and that this policy is issued by **us** in reliance upon such representations.  **You** further agree that this policy embodies all agreements existing between **you** and **us**, or any of **our** agents, relating to this insurance.

5. **Other Insurance.**  This insurance shall apply in excess of any other valid and collectible insurance available to any of **you**, unless such other insurance is written only as specific excess insurance over the limits of liability of this policy.

6. **Changes.**  Notice to any agent or knowledge possessed by any agent or other person acting on behalf of **us** shall not effect a waiver or a change in any part of this policy or estop **us** from asserting any right under the terms of this policy, nor shall the terms of this policy be waived or changed, except by written endorsement issued to form a part of this policy.

7. **Assignment.**  Assignment of interest under this policy shall not bind **us** unless **our** consent is endorsed in writing hereon.

8. **Legal Representatives, Spouses and Domestic Partners.**  The legal representatives, estate, heirs, spouse and any domestic partner of any of **you** who are natural persons shall be considered to be within the definition of **you** under this policy, provided, however, that coverage is afforded to such legal representatives, estate, heirs, spouse and domestic  partner only for a **claim** arising solely out of their status as such and, with respect to a spouse or domestic partner, where such **claim** seeks amounts from marital community, jointly held property or property transferred from such insured to such spouse or domestic partner. No coverage is provided for any act, error or omission committed by any legal representative, estate, heir, spouse or domestic partner.

9. **Cancellation and Nonrenewal.**  The following cancellation and nonrenewal procedures apply to this policy:

   **Cancellation**

   a. This policy may be cancelled by the **named insured** by surrender thereof to **us** or by mailing to **us** written notice stating when thereafter such cancellation shall be effective.

   b. **We** may only cancel this policy in the event of nonpayment of premium.  If **we** cancel the policy, **we** will give the **named insured** written notice of cancellation at least twenty (20) days before the effective time of cancellation.  Notice of cancellation shall state the effective time of cancellation.  The **Policy Period** shall end at that time.

      If any controlling law requires a longer period of notice by the **Company**, the **Company** shall give such longer notice.

   c. All notices of cancellation by **us** shall be mailed to the **named insured** at the last mailing address known by **us** and shall state that the reason for the cancellation is non-payment of premium.  A copy of all such notices shall be sent to **your** broker, if known.  **We** shall maintain proof of mailing of such notice on a recognized U.S. Post Office form or a form acceptable to the U.S. Post Office.  The mailing of notice as aforesaid shall be sufficient proof of notice.

   d. The **named insured** is authorized to act on behalf of all of **you** with respect to the giving and receiving of notice of cancellation and to the receiving of any return premium that may become payable under this policy.

e.  If the **named insured** cancels, earned premium shall be computed in accordance with the short rate table and procedure in use for this policy.  If **we** cancel, earned premium shall be computed pro rata.  Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation.

### Nonrenewal

If **we** decide not to renew this policy, **we** shall mail written notice to the **named insured** of **our** intention not to renew at least sixty (60) days, but not more than one hundred twenty (120) days, prior to the expiration date of the policy.  All notices of nonrenewal shall be mailed to the **named insured** at the last mailing address known by **us** and shall state that the reasons for the nonrenewal.  A copy of all such notices shall be sent to **your** broker, if known.  **We** shall maintain proof of mailing of such notice on a recognized U.S. Post Office form or a form acceptable to the U.S. Post Office.  The mailing of notice as aforesaid shall be sufficient proof of notice.

10. **Named Insured Sole Agent.**  The **named insured** shall be **your** sole agent for the purpose of exercising or waiving any right under this policy; effecting or accepting any notices hereunder; accepting or requesting any amendments to or cancellation of this policy; consenting to settlement of **claims**; for completing applications and making statements, representations and warranties to **us**; and for the payment of any premium or receipt of any return premium that may become due under this policy.

11. **Liberalization Clause.**  If, during the **policy period**, **we** adopt any standard revision to this policy form that would broaden the coverage applicable to **you** under this policy without additional premium, the broadened coverage will immediately apply to **your** policy, except, however, the broadened coverage shall not apply to **claims** first made prior to the effective date of such adoption.

12. **Bankruptcy.**  **Your** bankruptcy or insolvency will not relieve **us** of **our** obligation under this insurance.  However, this insurance will not apply to liability directly or indirectly due to such bankruptcy, insolvency, receivership or subsequent liquidation.

IN WITNESS WHEREOF, **we** have caused this policy to be executed and attested, but this policy shall not be valid unless countersigned on the Declarations by **our** duly authorized representative.